McCann, J.

INTRODUCTION

Counsel for Jamie L. Morano — John E. Stafford, Esq. Counsel for Premier Insurance Company — Brent A. Tingle, Esq. and Kerry M. Courtney, Esq.
The plaintiffs complaint was filed in the District Court. The eight-count complaint alleges (1) breach of contract; (2) violation of M.G.L.c. 90, §34M (costs and attorneys fees); (3) violation of M.G.L.c. 90, §34M (health care benefits); (4) violation of M.G.L.c. 93Aand c. 176D; (5) breach of contract (medical payments); (6) violation of G.L.c. 90, §34M; (7) breach of contract; and (8) violation of M.G.L.c. 93, §76D. The defendant Premier Insurance Company filed an answer of general denial. A trial was had in the District Court on October 2, 2003. Judgment entered in favor of the defendant Premier Insurance Company on all counts. The matter was removed to the Superior Court pursuant to G.L.c. 231, §104 by the plaintiff who claimed a jury trial. A juiy trial was preserved by the defendant Premier Insurance Company pursuant to G.L.c. 231, §102C.

FACTUAL BACKGROUND

This case is for breach of contract for unpaid Personal Injury Protection (PIP) benefits and unpaid Med-Pay benefits. Claimant Jamie L. Morano (Morano) also claims violations of c. 93A and 176D. The matter came before this Court on a Motion for Summary Judgment. Counsel for both parties represented that the facts are not in dispute. Those facts are the following.
On August 11, 2001, Morano was involved in a motor vehicle accident and sustained injuries.
On October 16, 2001, Morano submitted to Premier Insurance Company (Premier) a PIP application and medical bills from U. Mass. Memorial Hospital (date of service 8/12/01-$124.00; Clinton Hospital (date of service 8/12/01-$395.00); and Alan Ramey, M.D. (date of service 8/14/01-10/16/01-$l,775.00) and a Wage and Salary Verification sheet on her attorneys letterhead. The PIP application identified CIGNA as Morano’s health insurance carrier.
Premier paid $124.00 to U Mass. Memorial Hospital, $395.00 to Clinton Hospital and $1,481.00 to Alan Ramey, M.D. Those payments totaled $2,000.00. Premier advised Morano through counsel that any additional medical bills should be submitted to her health insurance carrier and that if Morano’s health carrier denied payment of such bills, they would be consid *644 ered upon resubmission to Premier with the reasons for denial.
On November 15, Morano, through counsel, sent a letter to Premier alleging violations of G.L.c. 90, 34M, 93A and 176D. On December 14, 2001, Premier responded to Morano’s demand denying violations of those respective statutes. On January 15, 2002, Morano, through counsel, sent a letter to Premier with additional medical bills totaling $3,632.00.
On January 16, 2002, Premier sent a lost wage check in the amount of $4,945.20 to Morano, through her counsel, with an explanation letter and a request for an explanation of benefits from the health carrier for possible reconsideration of payment of the outstanding medical bills.
On January 25, 2002, Premier sent another letter to Morano’s counsel indicating again that the initial $2,000 payment of PIP benefits was paid and therefore, additional bills should be submitted to Morano’s health carrier and then resubmitted to Premier if the bills were denied for payment by CIGNA with the reasons for the denial of payment.
Morano commenced action in the District Court on this complaint on April 23, 2002, seeking damages of $4,517.80 for unpaid benefits resulting from the breach of the insurance contract together with relief under G.L.c. 93A and c. 176D.
On September 5, 2002, Premier requested an explanation of benefits from Morano’s counsel as Morano’s counsel had told Premier that the request for payment of medical bills had been denied.
CIGNA Insurance, Morano’s health care provider, had paid medical bills incurred by Morano for injuries received in the amount of $4,368.00. CIGNA did not pay the sum of $3,647.32 which were submitted by Morano to Premier. Morano has never provided to Premier any explanation why CIGNA did not pay all of the medical bills submitted to it.
Premier subsequently learned that the bills denied by CIGNA Health Insurance were due to the fact that Morano failed to obtain a referral for treatment. Premier further learned that Morano did, in fact, have a referral for physical therapy and Premier sent it to counsel for Morano.
On May 31, 2002, Morano settled her bodily injury claim with the tortfeasor’s automobile insurer Prudential Insurance Company for $20,000.00.
In the instant case, judgment entered in the District Court on October 21, 2003, for the defendant Premier on all counts. It is that judgment in the District Court which is the subject matter of this appeal, and Summary Judgment.

DISCUSSION

Premier paid the initial $2,000.00 in benefits to Morano. It then sought further information from Morano, i.e. an explanation for denial of benefits concerning the health insurer’s, CIGNA’s, handling of the bills. Morano failed to provide this information. Morano is precluded from recovering from Premier Insurance Company as she has failed to demonstrate that the bills at issue are not covered by her health insurance plan. Holbrook v. Commerce Insurance Co., 15 Mass. L. Rptr. 510 (2002).
Furthermore, except for the Clinton Hospital Bill, Morano failed to submit documentation from her health insurance carrier that her medical bills had been submitted and rejected for payment. Morano must, under the terms of her policy, submit her bills to her health insurer but, if the health insurer declined to pay them, the plaintiff is then entitled to be reimbursed under the MedPay coverage of her policy. Morano is not entitled to MedPay coverage because she has not provided documentation to Premier that she has submitted her medical bills to her health insurance carrier. Mejia v. American Casualty Company, 55 Mass.App.Ct. 461 (2002).
Additionally, Morano has settled her bodily injury claim with the tortfeasor for $20,000.00 with a release of all claims against the tortfeasor and the tortfeasor’s insurer. The $20,000.00 settlement considered only $2,000.00 PIP offset. Plaintiff is not entitled to further PIP benefits because she has already been compensated by way of an arbitration award and any further PIP payments would result in duplicate payments to her. Holbrook v. Commerce Insurance Company, id.
For the reasons stated, Premier’s Motion for Summary Judgment is ALLOWED.

ORDER

Premier Insurance Company’s Motion for Summary Judgment is ALLOWED as to all counts.